**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

———————————————————————

**MOXIE OWL, INC.,** *doing business as* **The Yard**
**Hatchet House & Bar,**

                                    **Plaintiff,**

    **vs.**
                                         **1:21-cv-194**
                                       **(MAD/DJS)**

**ANDREW CUOMO,** *in his official capacity as the*
*Governor of the State of New York*; **VINCENT G.**
**BRADLEY,** *in his official capacity as the Chairman*
*of the New York State Liquor Authority*; **LILY M.**
**FAN,** *in her official capacity as the Commissioner*
*of the New York State Liquor Authority*; and
**GREELEY T. FORD,** *in his official capacity as the*
*Commissioner of the New York State Liquor*
*Authority*,

                               **Defendants.**

———————————————————————

**APPEARANCES:**                              **OF COUNSEL:**

**E. STEWART JONES HACKER**       **JAMES C. KNOX, ESQ.**
**MURPHY, LLP**                        **JULIE A. NOCIOLO, ESQ.**
28 Second Street
Troy, New York 12180
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On February 19, 2021, Plaintiff commenced this action seeking redress against Defendants

due to the imposition and enforcement of an allegedly unconstitutional prohibition against serving

alcohol at axe-throwing establishments in violation of the Equal Protection Clause of the

Fourteenth Amendment of the United States Constitution and Article I, Section 11, of the New

York State Constitution. *See* Dkt. No. 1. Plaintiff moved by order to show cause for a temporary

restraining order and preliminary injunction seeking to enjoin Defendants from enforcing this

prohibition during the pendency of this action.  *See* Dkt. No. 3.  On February 20, 2021, the Court

issued a text order temporarily denying Plaintiff's motion due to its failure to comply with the

Local Rules.  *See* Dkt. No. 5.  Later that day, Plaintiff renewed its motion for a temporary

restraining order and preliminary injunctive relief, this time in compliance with the Local Rules.

*See* Dkt. No. 6.  As set forth below, Plaintiff's motion for a temporary restraining order issued

without notice is denied.

   In addressing the COVID-19 pandemic, executives at the local, state, and national levels

have had difficult decisions to make in responding to public health concerns while respecting

individual liberties.  Many of these decisions have now been the subject of legal challenges.

Some such challenges involve individual rights for which precedent requires courts to apply a

heightened level of scrutiny to government actions, such as the free exercise of religion, *see*

*Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 910, 914-15 (6th Cir. 2020), or access to

abortion, *see FemHealth USA, Inc. v. City of Mount Juliet*, 458 F. Supp. 3d 777, 788-804 (M.D.

Tenn. 2020).  Other cases, however, involve executive actions that, by precedent, are viewed only

through the lens of a modest, or "rational basis," standard of review.  And nearly without

exception, courts in these cases have appropriately deferred to the judgment of the executive in

question.  *See, e.g.*, *Tex. Democratic Party v. Abbott*, 961 F.3d 389 (5th Cir. 2020); *Luke's*

*Catering Service, LLC v. Cuomo*, ___ F. Supp. 3d ___, 2020 WL 5425008, *9-10 (W.D.N.Y.

2020); *McCarthy v. Cuomo*, No. 20-cv-2124, 2020 WL 3286530, *6 (E.D.N.Y. June 18, 2020);

*Cassell v. Snyders*, 458 F. Supp. 3d 981, 997-99 (N.D. Ill. 2020).

   The case currently before the Court fits the deferential mold.  Residents of New York have

been subject to a wave of executive orders governing their rights and responsibilities since the

onset of the COVID-19 pandemic.  Governor Cuomo has taken an incremental approach to

reopening sectors of the economy closed in response to COVID-19.  While many states have allowed their residents to resume most traditional day-to-day activities, New Yorkers do not yet enjoy many of those same privileges, making the many challenges to these restrictions in the courts understandable.

Plaintiff owns and operates The Yard at 16 Sheridan Avenue in Albany, New York, which is an establishment to provide a venue for the sport of axe throwing.  *See* Dkt. No. 6-1 at ¶ 5. Plaintiff is licensed and permitted to serve both alcoholic beverages and food.  *See id.*  Plaintiff is still permitted to serve alcoholic beverages and food, but it was recently notified that axe throwing was not permitted based on the State Liquor Authority's interpretation of various executive orders currently in place.  *See* Dkt. No. 6-2 at ¶¶ 27-34.  In their complaint and motion for injunctive relief, Plaintiff seeks an order restraining Defendants from issuing and enforcing any orders prohibiting the operation of axe throwing bars while similarly situated businesses, including bowling alleys, are authorized to reopen, or from imposing any pandemic related conditions on the operation of axe throwing bars that are more restrictive than those imposed on similarly situated businesses.

"When 'a preliminary injunction will affect government action taken in the public interest pursuant to a statute or regulatory scheme, the moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction.'" *Agudath Israel of Am. v. Cuomo*, 983 F.3d 620, 631 (2d Cir. 2020) (quoting *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 143 (2d Cir. 2016)).  Generally, courts treat the first two factors as "the most critical."  *Nken v. Holder*, 556 U.S. 418, 434 (2009).

The Court will first consider the likelihood of Plaintiff's success in this matter.  It is well settled that the police power retained by the states empowers state officials to address pandemics such as COVID-19 largely without interference from the courts.  *See Jacobson v. Massachusetts*, 197 U.S. 11, 29 (1905).[1]  This century-old principle has been repeatedly reaffirmed this past year by a host of judicial voices, particularly in the context of constitutional challenges warranting rational basis review.  *See, e.g.*, *Hopkins Hawley, LLC*, 2021 WL 465437, at *4-5 (citations omitted).  The police power, however, is not absolute.

Because this case involves a challenge to state action that neither burdens a suspect class nor impinges on a fundamental right, the challenged executive order is subject to rational basis review.  *See Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993).[2]  Utilizing this framework, the Court presumes that the executive action is constitutional, making it incumbent upon the plaintiff to negate "every conceivable basis which might support" it.  *Armour v. City of Indianapolis*, 566 U.S. 673, 681 (2012).  That is no easy task, as the plaintiff must disprove all possible justifications for the executive action regardless of whether those justifications actually motivated the underlying decisionmaking.  *See FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313-15 (1993) ("[B]ecause we never require a legislature to articulate its reasons for enacting a statute, it is

---

[1] Some courts have held that the Supreme Court in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020), abrogated *Jacobson*'s relevance in all constitutional cases arising from a pandemic.  *See, e.g.*, *Big Tyme Investments, L.L.C. v. Edwards*, 985 F.3d 456, 470-71 (5th Cir. 2021) (Willet, J., concurring) (arguing *Jacobson* has been displaced); *Plaza Motors of Brooklyn, Inc. v. Cuomo*, No. 20-cv-4851, 2021 WL 222121, *5 (E.D.N.Y. Jan. 22, 2021) (concluding *Jacobson* has been abrogated).  Other courts, however, have found that *Jacobson* is still good law, particularly in the context of challenges that do not warrant a deferential standard of review.  *See Hopkins Hawley, LLC v. Cuomo*, ___ F. Supp. 3d ___, 2021 WL 465437, *5 (S.D.N.Y. 2021) (addressing the continuing viability of *Jacobson* in cases involving a deferential standard of review).

[2] In its memorandum of law, Plaintiff appears to agree that rational basis review applies to this action.  *See* Dkt. No. 6-3 at 10-11.

entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature.  Thus, the absence of 'legislative facts' explaining the distinction 'on the record' has no significance in rational-basis analysis") (citations omitted).  Under this test, executive action "is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *Id.* at 315.

To prevail on its Equal Protection claim as a class-of-one, Plaintiff must show (1) it has been intentionally treated differently from others similarly situated and (2) there is no rational basis for the difference in treatment.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Giordano v. City of New York*, 274 F.3d 740, 743 (2d Cir. 2001).  When the class-of-one claim does not allege malice as the basis for the differential treatment, the claim requires the "level of similarity between plaintiffs and the persons with whom they compare themselves ... be extremely high." *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (internal citations omitted).

Against the backdrop of this low bar, the Court finds that Plaintiff is not entitled to a temporary restraining order without notice.  Throughout its complaint and motion, Plaintiff repeatedly references the fact that bowling alleys and gambling venues are allowed to operate without restrictions on the activities permitted.  On this record, the Court is unable to find that axe throwing venues and bowling alleys/casinos are sufficiently similar for Plaintiff to succeed on its Equal Protection claim.  *See Lilakos v. New York City*, 808 Fed. Appx. 4, 8-9 (2d Cir. 2020) (upholding the district court's dismissal of the plaintiff's class-of-one claim where the plaintiff failed to set forth facts showing that the comparators are "'similar in relevant respects'").  Without the benefit of briefing from Defendants on this matter, the Court will not speculate as to whether one activity is inherently more dangerous to participate in during a pandemic.

The Court also finds that Plaintiff has not made the required "strong showing" of irreparable harm.  In support of its motion, Plaintiff argues that "'[t]he denial of a constitutional right ordinarily warrants a finding of irreparable harm, even when the violation persists for minimal periods of time.'" Dkt. No. 6-3 at 12 (quoting *A.H. ex rel. Hester v. French*, 985 F.3d 165, 184 (2d Cir. 2021)).  While Plaintiff is correct as to this general principle, "the favorable presumption of irreparable harm arises only after a plaintiff has shown a likelihood of success on the merits of the constitutional claim," which Plaintiff has not done.  *See Luke's Catering Serv., LLC v. Cuomo*, ___ F. Supp. 3d ___, 2020 WL 5425008, *13 (W.D.N.Y. 2020) (quotation and other citation omitted).  Plaintiff also relies on the economic impact that Plaintiff's actions are having on its business.  While the Court does not doubt that Defendants' actions have impacted Plaintiff's business, the orders at issue are temporary and Plaintiff is permitted to continue business operations within the confines of the orders at issue.  *See id.*  As such, the Court denies Plaintiff's motion for a temporary restraining order on this alternative ground.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for a temporary restraining order is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for preliminary injunctive relief shall be heard on an expedited basis; and the Court further

**ORDERS** that Defendants' response to the motion for a preliminary injunctive shall be filed on or before **Wednesday, March 3, 2021**; and the Court further

**ORDERS** that Plaintiff's reply shall be filed on or before **Monday, March 8, 2021**; and the Court further

**ORDERS** that the Clerk of the Court shall confer with counsel for the parties to set a hearing on the pending motion for a preliminary injunction; and the Court further

**ORDERS** that person service of a copy of this Order, together with the complaint and pending motion, shall be deemed good and sufficient service; and the Court further

**ORDERS** that Plaintiff shall serve Defendants with the complaint, pending motion, and this Order no later than **Wednesday, March 24, 2021**.

**IT IS SO ORDERED.**

Dated: February 22, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

7